UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRADLEY KLOCK,

    Plaintiff,

    v.

CLEARLY LASIK, INC., a Nevada corporation; MICHAEL MOCKOVAK and HEATHER MOCKOVAK, and the marital community composed thereof; and JOSEPH KING and HOLLY KING, and the marital community composed thereof,

    Defendants.

CASE NO. C09-123RSM

ORDER TO SHOW CAUSE RE: REMAND

This matter is now before the Court for consideration of a Notice of Removal filed by defendants Clearly Lasik, Inc., Michael Mockovak, Joseph King, and Holly King. This action was filed in King County Superior Court on January 13, 2009, and defendants removed it to this Court on January 27, 2009. The Court finds that the Notice of Removal is defective for the following reasons:

(1) This matter was filed in state court and alleges only state law causes of action. It was removed to this Court pursuant to 28 U.S.C. §§ 1332(a) and 1441(a), on the basis of the parties' diversity. Dkt. # 1. The Notice of Removal states that plaintiff is a resident of Vancouver, British Columbia; defendant Clearly Lasik, Inc., is a Nevada corporation with its principal place of business in Renton, Washington; and defendants Mockovak and King are all residents of Washington State. *Id*., ¶¶ 3-7. The Notice of Removal states that on these facts, defendant Clearly Lasik is a citizen of Nevada and California. Notice of Removal, ¶ 4. However, pursuant to statute, a corporation is deemed a citizen of

ORDER TO SHOW CAUSE RE: REMAND - 1

"any State by which it has been incorporated and of the State where it has its principal place of business . . .." 28 U.S.C. § 1332(c)(1). As the principal place of business is stated as Renton, Washington, Clearly Lasik, Inc., is a citizen of Washington State, not California.

(2) The Notice of Removal disregards the language of the removal statute applicable to diversity jurisdiction, which reads in relevant part,

> Any civil action of which the district court has original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. **Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.**

28 U.S.C. § 1441(b).

The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Prize Frize Inc., v. Matrix Inc.*, 167 F. 3d 1261, 1265 (9th Cir. 1999). If at any time before judgment it appears that this Court lacks subject matter jurisdiction, "the case shall be remanded." 28 U.S.C. § 1447(c). This Court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Insurance Co. v. Waddell & Reed, Inc.*, 360 F.3 3d 960, 967 (9th Cir. 2004). However, the "forum defendant rule" set forth in 28 U.S.C. § 1441(b) has been determined to be a procedural rule rather than a jurisdictional one, such that the Court may not *sua sponte* order remand. *Lively v. Wild Oats Markets, Inc.,* 456 f. 3d 933, 938-41 (9th Cir. 2006).

Accordingly, the parties are ORDERED TO SHOW CAUSE, on or before February 20, 2009, why this action should not be remanded to King County Superior Court. In the event plaintiff fails to either respond to show cause or to move for remand, such failure shall be deemed by the Court as a waiver of the procedural defect in removal.

Dated this 29th day of January, 2009.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER TO SHOW CAUSE RE: REMAND - 2